Teeter *v.* Veitch.

EMMA TEETER et al.

*v.*

WILLIAM R. VEITCH.

[Filed February 10th, 1904.]

1. If a demurrant introduces new facts or misrecites the statements of the bill in his demurrer, and on such new facts and misrecitals bases his criticism of the bill, his pleading is a speaking demurrer and will not be sustained.

2. Where a demurrant admits by his pleading that he received title to lands under a trust to convey the whole of them to another; that he has wrongfully extorted money, in cash, and the promise of more, as a condition of making such conveyance, and (though he has conveyed a part of the trust lands in accordance with his duty as trustee) has retained another part of these lands as security for the performance of the extorted promise to pay the additional sum, the *complainants* (who are entitled to the benefits of the trust and seek by their bill to enforce its performance) are not obliged, as an incident of their right to relief in this court, to tender to the demurrant a reconveyance of that part of the trust lands which the demurrant has rightfully conveyed in performance of his duty as trustee.

On demurrer to supplemental bill.

The original bill in this cause was filed by the complainants, who arranged and paid the cash portion of the purchase-money of a tract of land at Forest Hill, in the city of Newark, in this state, known as the "Crane Farm Tract," which they intended to divide into town lots and sell by means of a land corporation, to whom the title of the purchased lands was to be conveyed.

The intended corporation not being in existence, it was arranged that the title to the property should be put in the name of the defendant, William R. Veitch, to be held by him until the organization of the proposed corporation, when Veitch should convey it to the corporation, receiving therefor its capital stock, which he was to transfer to the complainants, who had furnished all the money for the purchase of the land. It was further arranged that Veitch should be the secretary and treasurer of the company when organized, with provision for his compensation if he chose to withdraw from the company's active service.

A written agreement, dated the 28th day of January, 1903, was made between Veitch and the complainants to the above-stated effect, copy of which is set forth in the bill of complaint.

Twenty-six thousand dollars was by the complainants applied in the acquisition of the property. Veitch paid nothing. The deed was made conveying to him the title to the property, and he was thereupon invited to carry out the written contract whereby he had agreed to convey the title to the new corporation. This he refused to do, giving no further reasons therefor than that he was not satisfied with the terms of the agreement and that he did not like one of the complainants.

The original bill further states that the defendant resides in the State of New York; that he is entirely irresponsible; that the complainants, by reason of his refusal to perform his agreement, are losing more than $30 a day interest and loss because of inability to realize upon their property, and that there is danger that the title to the same may be encumbered or disposed of by Veitch, contrary to the terms of his agreement.

The complainants pray an answer, under oath, with discovery as to the facts charged in the bill to be true; for an injunction restraining the defendant, Veitch, from interfering with or disposing of the farms in question; and for his removal as trustee, and the substitution of another trustee in his place, to whom he should be directed to convey the title, or for a receiver.

A supplemental bill was, by leave, filed on the .15th day of August, 1903, which, after reciting the substance of the original bill and affidavits annexed, states that a rule to show cause was allowed on the original bill why the relief sought in that bill should not be granted; that copies of the original bill and affidavits were personally served upon the defendant, who upon the return day of the order appeared by counsel, who, after obtaining a postponement, refused, at the adjourned day, to file an appearance for the defendant.

The supplemental bill further alleges that the complainants have sought to obtain some relief which would obtain for them the use of their property, but that the defendant refuses to execute a deed to or join in the execution of the proposed certificate of incorporation of the new company, or to take any part in the business of the proposed corporation, though requested specifically so to do; that the complainants' attorney then met the counsel of the defendant in an attempt to make some arrangement whereby the agreement for the transfer of the title to the land held by the defendant could be put into effect by conveying it to the proposed corporation; that at their meeting the defendant would consider the matter only on condition that a payment in cash should be made to him, which he first insisted should be $12,500, but which he gradually reduced to $1,375. This the complainants refused to pay, because it was contrary to the stipulation by which the defendant had received the title and had agreed to convey to the proposed corporation as above recited. Other propositions seeking to induce the defendant to carry into effect his agreement to convey were made to his counsel, and refused by him. Those rejected propositions

Teeter *v.* Veitch.

did not proffer the payment of any money to the defendant, and the only reply made was "money talks."

The supplemental bill further recites that the title to the land, paid for by the complainants, having by the deed been placed in the name of the defendant, Veitch, the complainants were kept out of the use of their property and were suffering daily losses on the investment, and also interest on the mortgages thereon, and were in danger of losing their entire property therein; that under the strain of these circumstances and through fear of additional and greater threatened losses, the complainants, on the 17th day of July, 1903, made an arrangement with the defendant, evidenced by a written memorandum of a deposit in escrow (copy of which is annexed to the complainants' supplemental bill) to the effect that the certificate of incorporation of the Urban and Suburban Realty Title Company (the proposed new land company) and accompanying papers necessary to the completion of its first meeting and organization, and a deed from the defendant and wife to the proposed new company, should be executed by the defendant; and a release, protecting the defendant against any liability on certain notes, should be executed by complainants, and should all be deposited in escrow with a Mr. Schultz; with a provision that unless $500 was paid to the defendant, all of the papers in question (except the release) were to be returned to the defendant, but in case the payment of $500 should be made, then the certificate of incorporation and the accompanying papers, and the deed from the defendant to the proposed company, were to be delivered to the complainants or their attorney. Appended to the copy of the escrow agreement annexed to the supplemental bill and made part thereof, is a receipt, dated July 25th, 1903, whereby the escrow-holder acknowledged that he had received from the complainants' attorney the $500, which was to be deposited for the defendant. The supplemental bill further alleges that the certificate of incorporation of the new company and its accompanying papers, with the deed of the defendant, conveying the land to the new company, were, pursuant to the escrow agree-

ment, deposited with Mr. Schultz; and that afterwards "the deed of the property was obtained and the same is now recorded," &c.

The supplemental bill further alleges that in addition to the $500 in cash the defendant required that the complainants should agree to pay him a further sum of $1,000 to induce him to carry out the terms of his contract to convey the lands to the proposed company; that, in order to secure the payment of this $1,000, the deed, which this defendant made to the new company, contained a reservation, excepting therefrom a lot of land one hundred feet square, which in the deed was declared to be retained

"by the said William R. Veitch as and for security for the payment within six months from the execution of this deed of the sum of $1,000, which said sum, if not paid within six months, said William R. Veitch shall retain said plot of ground as his own property, free and clear of all encumbrances thereon."

The supplemental bill further alleges that the payment, or securing of the said sums of money, were forced from the complainants by fear of loss and damage which they would suffer if the defendant further refused to perform his agreement; that the defendant willfully and maliciously imposed upon them and demanded said moneys as a condition precedent to his conveyance of the land which had been entrusted to him, relying upon his honesty; that he had rendered no service whatsoever, such as it had been intended and contemplated would follow the organization of the said company, but having received, as above stated, the title to said real estate, which the complainants had paid for with great difficulty, and believing that he had them in his power, and knowing their helpless condition, and that it was impossible for them to release the money invested in the properties, or to earn any returns from the property until the defendant's demands had been complied with, the defendant insisted upon the payment of said sum of $500 and the securing as aforesaid of the payment of said sum of $1,000 within six months from the 17th day of July, 1903. That the said demands of defendant were

nothing less then blackmail, and that the complainants were forced to concede them under the fear of the loss of their entire property; that the defendant knew that, as a non-resident, refusing to appear in the action, he could delay the complainants in the prosecution of any suit to recover from him the title to said property, so that they would be subjected to a loss of more than $30 a day interest, besides the losses of profit of the land from their inability to handle or dispose of the property, and the complainants charge that the defendant's acts were deliberately planned for the purpose of extorting the payment of the said $1,500.

The complainants pray that they may have the same relief against the defendant as if the matters set forth in their supplemental bill had been stated in their original bill; and that the value of any interest of the defendant under the agreement of January 28th, 1903, may be ascertained; that the portion of said property, retained by him in the exception above recited, to secure the payment of said sum of $1,000, be decreed to be surrendered to the complainants, and for other relief, &c.

To this supplemental bill the defendant demurs generally, and for causes of demurrer shows—*first,* that by the supplemental bill it appears that the matters and things in issue between the parties set forth in the original bill "have been settled by the parties hereto, and said suit ended, and that there is not now any suit pending on the original bill to which the supplemental bill can be supplemental;" *second,* that by the supplemental bill it appears that the complainants received from the defendant, for and in consideration of the payment to him of the sum of $500 and the agreement to pay the further sum of $1,000, a deed for certain lots of land, and that the supplemental bill does not allege any tender, or offer of tender, by the complainants, "to reconvey the premises conveyed by this defendant to said complainants in exchange for said payment and said agreement for further payment, and that thereby the said complainants fail to offer to put the defendant in the position in which he was prior to the making of said deed, and fail

to offer or to do or offer to do that equity to the defendant which he must offer to do or do before he can obtain relief in this honorable court."

On this demurrer, based upon these two grounds, the cause has been argued.

*Messrs. McEwan & McEwan,* for the demurrant.

*Mr. Anderson Price,* for the complainant.

GREY, V. C.

The effect of the demurrer is to admit the truth of all the facts narrated in the complainants' bill, which are well pleaded. It is sufficiently averred that the complainants raised all of the purchase-money to buy a tract of land; that the defendant did not contribute any portion of the purchase-money, but in writing agreed with the complainants that he would accept a conveyance of the land and would convey it to a corporation which was, with his aid, to be formed; would receive the stock of that corporation to be issued in payment for the conveyance, and would turn over the same to the complainants, or to the persons named in the written agreement.

It is also admitted by the demurrer, because sufficiently alleged in the bill of complaint, that, having under these circumstances received the conveyance of the title, the defendant, for the purpose of extorting money from the complainants, held the title and refused to convey the same in accordance with his agreement; that he refused to aid, as he had agreed to do, in the formation of the proposed corporation and to receive and distribute the stock in exchange for the conveyance of the title. That he continued to refuse until an action was brought by bill filed in this court; that he refused to appear to the action in question and no jurisdiction was obtained over him because he was a non-resident.

The demurrer also admits that the defendant is financially irresponsible, and that he could not be compelled to convey the premises wrongfully withheld by him without resulting delays,

Teeter v. Veitch.

which he knew would subject the complainants by loss of interest and the inability to use their property to great damage and injury; that in furtherance of his original purpose to extort money, to which he was not entitled, from the complainants, the defendant required and forced the complainants, in order to avoid the losses which would result from his willful delay in carrying out the plan which he had agreed to aid, to consent to the deposit in escrow of the instruments which he had originally agreed to execute and deliver without price, upon the terms that $500 should be paid to him in cash and that an additional $1,000 should be secured to be paid to him within six months thereafter by his retention of a portion of the lands to which he held the title and which he had agreed, as stated, to convey without price to the new company.

These facts are, all of them, pertinent to the relief sought by the complainants' supplemental bill and may justly be said to be well-pleaded allegations. By admitting them to be true, the demurrant confesses that he received the title in question upon a trust, declared by him in writing, whereby he agreed to make a certain disposition of that title. He also admits that for the purpose and with the intention to extort from the complainants sums of money which they did not owe him, and which were in no manner or way due or payable to him, he has abused the confidence so reposed in him and has by such extortion actually received $500 in cash in breach of his trust, and has retained a part of the land, which by his trust he was obliged to convey without charge, as a means of extorting the payment of the additional sum of $1,000. The complainants, in their supplemental bill of complaint, designate the defendant's demand for, and compulsion of payment of this money, as blackmail. It is difficult (taking the facts admitted by the demurrer to be true) to see wherein this designation is an injustice.

The first ground of the demurrer alleges that it appears by the supplemental bill that the matters and things in issue between the parties, set forth in the original bill, have been settled and the suit ended, and that there is not now any suit

pending on the original bill, &c. The counsel for the demurant in argument contends that the moneys paid, and secured to be paid, by the complainants, were by them expended or secured to settle a pending litigation, and that they are not recoverable even if the defendant's claim (which was the cause of the litigation) could not be sustained, and that the litigation was ended by the arrangement between the parties.

This ground of demurrer is, however, untrue in fact, for it does not appear by the supplemental bill that the payment of $500 in cash and the retaining of part of the land as security for the $1,000, to be paid in the future, were agreed and arranged to be paid and secured in settlement of the suit, nor does the supplemental bill anywhere show that those steps ended the litigation pending when they were taken. On the contrary, the acts of the defendant with respect to these payments are, by the supplemental bill, alleged to have been part and parcel and in aid of his original purpose to retain the title to the land in question until he was, by any process available to him, able to extort moneys from the complainants, which were in no way rightfully due or payable to him, and that the $500 and the promise to pay the $1,000 were forced from the complainants in pursuance of the defendant's original purpose to cheat them. By the demurrer the defendant has admitted these allegations to be true.

It is the defendant who, by the demurrer itself, introduces the statement that the payment in cash of the $500 and the securing of the $1,000 by the retention of a part of the land *were in settlement of the original suit and that said suit is no longer pending.* His pleading not only thus introduces a new fact into the record, but having so brought in the new fact, he makes it a ground for challenging the complainants' bill.

The second ground of demurrer is that it appears by the supplemental bill that

"*the complainants did receive from this defendant the deed referred to,* in consideration of the $500 cash and the further sum of $1,000, and that the supplemental bill does not allege any offer or readiness by said complainants to reconvey the said premises *conveyed by this defendant to said complainants* in exchange for said payment and agreement for further payment,"

Teeter *v.* Veitch.

and that the complainants have thereby failed to offer to put the defendant in the position in which he was prior to the making of said deed, which in equity he must offer to do before he can obtain any relief in this court.

This ground of demurrer misrecites the facts narrated in the supplemental bill. That bill does not state that the deed in question was received by the complainants, or that it ever came into their possession. All that is alleged regarding the actual delivery of the deed out of escrow is that "the deed of the property was obtained and the same is now recorded," &c., but the bill does not state by whom it was obtained or recorded. It may have been, and presumably was, delivered to the grantee named in it.

The demurrer again misrecites the statements of the supplemental bill, for that bill does not allege that the defendant conveyed the property in question to the complainants, as is stated in the demurrer; on the contrary, there is an express allegation that the deed conveyed it to the newly-incorporated company, the "Urban and Suburban Realty Title Company."

The demurrer, in the several particulars enumerated, restates facts differently from the allegations of the supplemental bill and makes the new facts thus introduced the ground of criticism of that bill. All the objections made to the bill, whether in the statement of the grounds of the demurrer or in the argument of the defendant's counsel in support of it, depend for their force not upon the allegations of the complainant in the supplemental bill, but upon the new facts introduced by the demurrant himself, in the demurrer. He thus makes the case to which he demurs.

It is a principle of correct pleading that a demurrer can only be founded on a fact or omission appearing in the bill. It cannot set up a fact or omission not appearing in the bill and thereupon demur. *Black* v. *Shreve, 3 Halst. Ch. 458.* Such a pleading is a speaking demurrer, which cannot be sustained. *Edsell* v. *Buchanan, 2 Ves. \*83; Story Eq. Pl. \*448.*

Aside from this somewhat technical examination of the demurrer in question, the complainants, in view of the facts

pleaded in the supplemental bill and admitted by the demurrer, are under no obligation to tender a reconveyance of the land to the defendant as an incident of their application to this court for relief. The demurrant has, by his demurrer, admitted that he was lawfully and equitably bound to convey to the proposed new company the whole of the land in question. He has in the same manner admitted that he has wrongfully retained a portion thereof as security for a sum of money which he seeks to extort from the complainants. There is no legal or equitable obligation on the part of the complainants, taking these admitted facts to be true, to restore to the defendant the property which he admits does not belong to him, and which he also admits he was rightfully bound to convey to the corporation which now holds the title.

The complainants' supplemental bill must therefore be held to state a lawful cause of action against the defendant. The demurrer must be overruled, with costs, with leave to the defendant to answer the complainants' bill within twenty days, or in default thereof the bill will be taken as confessed.